Opinion issued September 28, 2006 






 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00695-CR




JOHN MAJIA, Appellant

V.

THE STATE OF TEXAS, Appellee





On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1030946




MEMORANDUM OPINION

          A jury found appellant, John Majia, guilty of the offense of burglary of a
building and assessed punishment at confinement in prison for 18 years. Tex. Pen.
Code Ann. § 30.02(a)(1) (Vernon 2003). In his sole issue, appellant contends that
the evidence presented against him at trial was factually insufficient to support his
conviction because the only eyewitness to the crime could not positively identify him
as the burglar. We affirm. 
Background
          At approximately 1:30 a.m., John Keyes heard a loud banging coming from the
GM Video Store across the street from his apartment. Looking out his window,
Keyes saw someone inside the store banging on the store’s window. He called 911
and alerted the operator that there was a burglary in progress. While on the phone
with the 911 operator, Keyes saw the suspect shatter the store’s glass window, climb
out the window, and start walking down the street. Keyes went outside and followed
the suspect from a distance of no more than 75 to 100 yards, relaying his position to
the 911 operator through his cell phone. At first, Keyes was unable to give the 911
operator a physical description of the burglar, including the race of the suspect. 
Keyes was eventually able to get close enough to tell the operator that the suspect was
wearing a white t-shirt and blue jeans. 
          At one point, the suspect turned left and disappeared from Keyes’s view for 10
to 15 seconds. Keyes rushed to catch up with him and found the suspect talking on
a pay phone outside a nearby restaurant. Bellaire Police Officer Michael Bates
arrived within seconds. There were no people in the area other than appellant, who
was talking on the phone, and Keyes. Appellant matched the suspect’s general
clothing description. As the police arrived, Keyes gestured towards appellant from
about 30 yards away and then returned home. Keyes did not speak to the police about
the burglary until several hours later, and the police never asked him to identify a
suspect. Officer Bates arrested appellant, but could not handcuff him because
appellant has only one arm. 
          At the time Officer Bates arrested him, appellant was holding a screwdriver and
a black bag from the video store. The bag from the store contained approximately
$136 in cash. Officer Bates noticed that appellant’s arm was cut, that he was
bleeding, and that his arm, clothes, and hair were covered in glass fragments. 
          Houston Police Officer Eric Powell took over the investigation for Officer
Bates. Powell went to the video store and found the store window broken out, glass
fragments on the ground both inside and outside the store, and a few drops of blood
on the glass fragments inside the store. 
          Elizabeth Salazar, owner of GM Video, arrived later to inspect the store. She
confirmed that the black bag appellant was carrying was from the store and that
money had been taken from one or more places in the store. Salazar estimated that
about $90 to $100 was missing from the store. She also found that shelving units had
been rearranged and broken in an apparent attempt to escape through the ceiling tiles
in the store. She indicated that a screwdriver or similar tool would have been
necessary to move the shelves. Salazar further testified that the store’s alarm wiring
was cut and that the alarm box was ripped from the wall. 
Factual Sufficiency
          In his sole point of error, appellant contends that the evidence is factually
insufficient to support his conviction because the only eyewitness to the crime could
not positively identify him as the burglar. We disagree.
Standard of Review
          In a factual sufficiency review, “we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met.” Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004); see also Zuniga v. State, 144
S.W.3d 477, 484–85 (Tex. Crim. App. 2004); Stewart v. State, 137 S.W.3d 184, 187 
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d). In conducting the factual
sufficiency review, we must give appropriate deference so that we do not substitute
our judgment for that of the fact-finder. Zuniga, 144 S.W.3d at 482. Our evaluation
should not intrude upon the fact-finder’s role as the sole judge of the weight and
credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 n.5
(Tex. Crim. App. 1997). Additionally, the weight to be given contradictory
testimonial evidence is within the sole province of the fact-finder because it turns on
an evaluation of credibility and demeanor. Id. at 408-09. The fact-finder is entitled
to judge the credibility of the witnesses and may choose to believe all, some, or none
of the testimony presented. Id. at 407 n.5. In conducting a factual sufficiency review,
we must discuss the evidence that, according to appellant, most undermines the jury’s
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          Both direct and circumstantial evidence tending to prove a fact in dispute are
compared to the evidence tending to disprove that fact. See King v. State, 29 S.W.3d
556, 565 (Tex. Crim. App. 2000). In a prosecution based on circumstantial evidence,
it is not required that every fact point directly and independently to the guilt of the
accused; the cumulative force of all the incriminating circumstances may be
sufficient. See Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Analysis
            In support of his factual sufficiency challenge, appellant points to the fact that
the only witness, Keyes, could not positively identify him as the burglar and had no
knowledge of what the burglar looked like. Appellant argues that because he has
only one arm, Keyes should have been able to identify him easily. 
          Identity can be established by direct or circumstantial evidence. Earls v. State,
707 S.W.2d 82, 85 (Tex. Crim. App. 1986).   The mere presence of an accused at the
scene of an offense is not alone sufficient to support a conviction; however, it is a
circumstance tending to prove guilt which, combined with other facts, may suffice to
show that the accused was a participant. Valdez v. State, 623 S.W.2d 317, 321 (Tex.
Crim. App. 1979). Similarly, while flight alone will not support a guilty verdict,
evidence of flight from a crime scene is a circumstance from which an inference of
guilt may be drawn. Id. 
          Here, Keyes saw someone break out of and flee the scene of a video store
across the street from his apartment. Keyes followed the suspect at a distance of not
more then 75 to 100 yards. He lost sight of the suspect for 10 to 15 seconds;
however, there were no other people outside while he was following the suspect. 
After that short period of time, Keyes saw the suspect again on a pay phone outside
of a restaurant. Seconds later, the police arrived, and Keyes gestured to them that the
suspect he had followed was on the pay phone. Bellaire Police arrested appellant,
who was still on the pay phone. Additionally, appellant’s clothing matched the
general description Keyes had given to the 911 operator. 
          At the time of his arrest, appellant was carrying a screwdriver, which Salazar
testified would have been necessary to rearrange the shelving units in the store. 
Appellant was also carrying a black bag containing approximately $136 in cash. 
According to Salazar’s testimony, the black bag came from the video store and the
cash was at least as much money as the amount missing from the store. Furthermore,
appellant’s arm, clothes, and hair were covered in glass fragments. His hand and arm
were bleeding from what appeared to be glass cuts, and police found drops of blood
on the broken glass fragments inside the video store.       
          While the evidence connecting appellant to the burglary of GM Video was
circumstantial, the cumulative force of the incriminating circumstances is factually
sufficient to establish appellant’s guilt. See Barnes, 876 S.W.2d at 321. Viewing all
of the evidence in a neutral light, the evidence is not so weak that the verdict is
clearly wrong and manifestly unjust, nor is the contrary evidence so strong that the
standard of proof beyond a reasonable doubt could not have been met. See Escamilla,
143 S.W.3d at 817. Therefore, we hold that the evidence of appellant’s identity is
factually sufficient. 
          We overrule appellant’s sole point of error.

Conclusion

          We affirm the judgment of the trial court.
                                                             
                                                   

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.4.